UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-cv-61105-LEIBOWITZ

FRUMAR AGRI FOODS (P) LTD, *et al.*,

    *Plaintiffs*,

v.

RRK FOODS INC., *et al.*,

    *Defendants*.

_____/

## ORDER

THIS CAUSE comes before the Court on Plaintiffs' Motion for Entry of Temporary Restraining Order and Preliminary Injunction ("the Motion") [Mot., ECF No. 24], filed on June 18, 2025. While the Motion does not include any specific request that this Court grant it *ex parte*, Plaintiffs include a "TRO Certification Under Rule 65(b)(1)[,]" and the Court received an email on June 18, 2025, with a proposed order granting the Motion on an *ex parte* basis. [Mot. at 27].

Under Rule 65(b)(1) of the Federal Rules of Civil Procedure:

> The court may issue a temporary restraining order *without written or oral notice to the adverse party or its attorney only if*:
>
>     (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
>     (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A), (B) (emphasis added). To obtain *ex parte* relief, a party must meet both of these prongs as they "are not mere technicalities, but establish minimum due process." *Emerging Vision, Inc. v. Glachman*, No. 10-cv-80734, 2010 WL 3293346, at *3 (S.D. Fla. June 29, 2010), *report and recommendation adopted*, No. 10-80734-CIV, 2010 WL 3293351 (S.D. Fla. Aug. 11, 2010). "The 'stringent restrictions' of Rule 65 recognize that 'our entire jurisprudence runs counter to the notion of court

1

action taken before reasonable **notice** and an opportunity to be heard has been granted both sides of a dispute.'" *Id.* (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 438–39 (1974)). "For that reason, *ex parte* restraining orders 'should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing and no longer.'" *Id.* (citing *Granny Goose*, 415 U.S. at 439).

"There are 'very few circumstances justifying the issuance of an *ex parte* TRO.'" *Id.* at *4 (citing *Reno Air Racing Ass'n, Inc. v. McCord,* 452 F.3d 1126, 1131 (9th Cir. 2006)). "Courts have granted a temporary restraining order where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing." *Id.* (cleaned up). "Courts have also recognized a very narrow band of cases in which *ex parte* orders are proper because notice to the defendant would render fruitless the further prosecution of the action." *Id.* (cleaned up).

> Here, Plaintiffs state the following in an attempt to show that Rule 65(b)(1) is satisfied:
>
> On June 5, 2025, Defendants' Texas attorneys, the Sul Lee Law Firm in Dallas, Texas, were notified of the filing of the initial Complaint on June 3, 2025 and asked to accept service of process on Defendants' behalf. On June 11, 2025, Defendants' Texas attorneys responded that they were not authorized to accept service of process. In the meantime, Defendants were served with the initial Complaint by process server on June 6, 2025. Notice of this Motion for TRO should not be required because Defendants, after receiving notice of this lawsuit, "doubled down" by serving another frivolous Notice of Infringement (on Roshni Foods, LLC on June 13, 2025, referenced *supra*). They are therefore indifferent to Plaintiffs' demands and thus notice should not be required.

[Mot. at 27]. This statement alone is plainly insufficient to show that notice should not be required.

The only notice which Plaintiffs attempted to provide the Defendants is (1) asking Defendants' attorneys to accept service of process on the Defendants' behalf and (2) serving the initial Complaint on June 6, 2025.[1] Even if the Defendants filed a "Notice of Infringement" in a forum

---

[1] Interestingly, Plaintiffs do not say that they served the *Amended Complaint* [ECF No. 17] on

beyond this Court, Plaintiff have not provided any evidence to this Court that they even attempted to provide Defendants with notice of *this Motion*. Without even attempting to provide notice, Plaintiffs fail to meet Rule 65(b)(1)(B)'s requirement that "the movant's attorney certifies in writing any efforts made to give notice" to the Defendants.

Additionally, "Plaintiffs here do not suggest that they are unable to provide notice to Defendants. Indeed, it appears that Plaintiffs and their attorney have been in contact with [Defendants'] attorney" since at least June 5, 2025.[2] *Emerging Vision, Inc. v. Glachman*, 2010 WL 3293346, at *4 n.5. Certainly, Plaintiffs, who have been in contact with Defendants' lawyers for weeks, are able to provide notice of the Motion to that lawyer.

Further, after a review of Plaintiffs' Affidavit supporting their Motion for a Temporary Restraining Order and Preliminary Injunction, this Court questions whether there are sufficient "specific facts" that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition*[.]" Fed. R. Civ. P. 65(b)(1)(A) (emphasis added); *see Berber v. Wells Fargo Bank, N.A.*, No. 16-24918-CIV, 2017 WL 2417960, at *4 (S.D. Fla. June 2, 2017), *report and recommendation adopted*, , 2018 WL 10436231 (S.D. Fla. Mar. 13, 2018), *aff'd*, 760 F. App'x 684 (11th Cir. 2019) ("Plaintiff's alleged harm is, by definition, purely 'financial' and, as such, the Court finds that Plaintiff's alleged losses are fully compensable by money damages."). Plaintiffs allege that, because of Defendants' actions, Plaintiffs' "distribution channels are being disrupted by and through Defendants' baseless Notices of Infringement and threats against Plaintiffs' importers and distributors, which are occurring repeatedly and as late as June 13, 2025." [ECF No. 25 ¶ 57]. It

---

Defendants which was filed *after* they served the Defendants.

[2]     Plaintiffs have been aware of Defendants' Texas attorney since at least May 22, 2025. [ECF No. 25 ¶ 32].

3

seems possible that this financial injury does not create immediate and irreparable injury that that will result *before* Defendants can be heard.

Accordingly, for the foregoing reasons, it is **ORDERED AND ADJUDGED** that to the extent the Motion asks for *ex parte* relief, the Motion [**ECF No. 24**] is **DENIED.** This Court will set an expedited briefing schedule on the Motion once counsel for the Defendants appear or once Plaintiffs' counsel files a notice with the Court that Defendants have been served with the Motion.

**DONE AND ORDERED** in the Southern District of Florida on June 18, 2025.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:  counsel of record